### UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Bankruptcy No. 09 B 39937 |
| | ) | Chapter 11 |
| EQUIPMENT ACQUISITION | ) | Judge John H. Squires |
| RESOURCES, INC., | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |
| _____ | ) | |
| WILLIAM A. BRANDT, JR., not | ) | |
| individually but solely in his capacity as | ) | Adversary No. 10 A 02164 |
| Plan Administrator for EQUIPMENT | ) | |
| ACQUISITION RESOURCES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| LUXOR HOTEL AND CASINO, | ) | |
| | ) | |
| Defendant. | ) | |

### <u>MEMORANDUM OPINION</u>

This matter comes before the Court on the motion of Ramparts, Inc. d/b/a Luxor

Hotel and Casino ("Luxor") for judgment on the pleadings on the complaint filed against it

by William A. Brandt, Jr. (the "Plan Administrator") in his capacity as plan administrator of

the Chapter 11 plan of liquidation of Equipment Acquisition Resources, Inc. (the "Debtor")

pursuant to Federal Rule of Bankruptcy Procedure 7012 which incorporates Federal Rule of

Civil Procedure 12(c).  For the reasons set for herein, the Court denies Luxor's motion.

-2-

## I. JURISDICTION AND PROCEDURE

The Court has jurisdiction to entertain this matter pursuant to 28 U.S.C. § 1334 and

Internal Operating Procedure 15(a) of the United States District Court for the Northern

District of Illinois. It is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A), (H), and (O).

## II. FACTS AND BACKGROUND

The Debtor filed a voluntary petition for Chapter 11 bankruptcy on October 23, 2009

(the "Petition Date"). The Debtor was a market maker in the semiconductor manufacturing

equipment sales and servicing industry. Luxor is a corporation with its principal place of

business in Las Vegas, Nevada. On May 18, 2010, this Court approved the Debtor's First

Amended Disclosure Statement[1] (the "Disclosure Statement") and on July 15, 2010, this

Court approved the Debtor's Second Amended Plan of Liquidation[2] (the "Plan"). The Plan

granted the Plan Administrator certain authority to pursue potential causes of action on

behalf of the Debtor. The Plan provided, in relevant part:

> Unless expressly waived, relinquished, exculpated, released,
> compromised or settled in the Plan, the Confirmation Order
> or other agreement entered into or delivered in connection
> with the Plan: (a) the Plan Administrator shall exclusively
> retain and may prosecute and enforce, and the Debtor
> expressly reserve and preserve for these purposes, in
> accordance with sections 1123(a)(5)(B) and 1123(b)(3) of the
> Bankruptcy Code, any Claims, demands, rights, causes of
> action and Litigation Claims that the Debtor or the Estate may

---

[1] This document was attached as Exhibit A to Luxor's motion for judgment on the pleadings, Exhibit B to the Plan Administrator's response, and is Docket Number 257 in the Debtor's Chapter 11 bankruptcy case, 09 B 39937.

[2] This document was attached as Exhibit C to Luxor's motion for judgment on the pleadings, Exhibit A to the Plan Administrator's response, and is Docket Number 316 in the Debtor's Chapter 11 bankruptcy case, 09 B 39937.

-3-

hold against any person or entity; and (b) accordingly, no preclusion doctrine, including, without limitation, the doctrines of res judicata, collateral estoppel, issue preclusion, claim preclusion, estoppel (judicial, equitable or otherwise), claim splitting or laches shall apply to such Claims or Litigation Claims by virtue of or in connection with the confirmation, consummation or effectiveness of the Plan.(Luxor Ex. C, § 4.5.)[3]

The Plan defined "Claim" as a "'claim,' as defined in section 101(5) of the Bankruptcy Code." (*Id.* § 1.16.) The Plan defined "Litigation Claims" as "the Claims, rights of action, suits or proceedings, whether in law or in equity, whether known or unknown, that the Debtor or Estate may hold against any person or entity . . . including, but not limited to, Avoidance Actions, Claims, rights of action, [or] suits . . . ." (*Id.* § 1.43.) "Avoidance Action" was defined as "any cause of action against persons or entities arising under sections 502, 510, 541, 542, 545, 547 through 551 and 553 of the Bankruptcy Code, or under related state or federal statutes and common law, including fraudulent transfer laws, whether or not litigation is commenced before or after the Effective Date to prosecute such Avoidance Actions." (*Id.* § 1.9.)

The Disclosure Statement provided as follows:

The Creditor Trustee, or the successors in interest to the Creditor Trustee, may enforce, sue on, settle or compromise (or decline to do any of the foregoing) any or all of such claims or causes of action, including without limitation, any and all Avoidance Actions under Chapter 5 of the Bankruptcy Code and applicable non-bankruptcy law against those entities listed in the Debtor's schedules receiving payments 90 days prior to bankruptcy, all parties listed on Exhibit C and

---

[3] Both Luxor and the Plan Administrator submitted a copy of the Plan as an exhibit, but for ease of reference the Court will refer only to Luxor's exhibit.

-4-

any other potential Litigation Claims listed in Section II.B
above.

(Luxor Ex. A. § VIII.A.)[4]  Section II.B of the Disclosure Statement explained that all assets

potentially available for distribution would come from property recovered since the Petition

Date and "Litigation Claims."  (*Id.* § II.B.)  Under the subsection entitled "Litigation

Claims," the Disclosure Statement explained that the "Creditor Trustee shall analyze, settle

and/or prosecute all Litigation Claims, including, but not limited to, Litigation Claims

Against Fund Recipients, Litigation Claims against Insiders and Other Pending and Potential

Litigation Claims[.]"  (*Id.* § II.B(2).)  The Disclosure Statement did not otherwise define

"Litigation Claims."  None of the subsequent sections specifically mentioned a potential

cause of action against Luxor.  Under "Litigation Claims Against Fund Recipients," the

Disclosure Statement provided that "[a] list of all potential Litigation Claims against whom

litigation recoveries may be sought is attached hereto as **Exhibit C**.  Each party listed on

Exhibit C is the recipient of funds from the Debtor during the four (4) year period prior to

the Petition Date."  (*Id.* § II.B(2)(a).)  Exhibit C to the Disclosure Statement was entitled

"Litigation Claims" and listed four pages of names and businesses.  (*Id.*, Ex. C.)  Luxor was

not listed.  The Disclosure Statement further provided that "[i]n the event of any conflict

between this Disclosure Statement and the Plan . . . the terms of the Plan . . . are controlling."

(*Id.* at pp. 1-2.)

---

[4]  Both Luxor and the Plan Administrator submitted a copy of the Disclosure
Statement as an exhibit, but for ease of reference the Court will refer only to Luxor's exhibit.

-5-

The Plan Administrator initiated this adversary proceeding on October 22, 2010, pursuant to 11 U.S.C. §§ 544, 548, and 550 as well as 740 ILL. COMP. STAT. 160/5(a)(2), alleging that the Debtor made certain transfers to Luxor during both a two year and a four year period prior to the Petition Date so that certain members of the Debtor's board of directors and its officers could engage in gambling and gaming activities at Luxor's casino and hotel.

## III. <u>APPLICABLE STANDARDS</u>

### A.    Judgment on the Pleadings

Federal Rule of Civil Procedure 12(c), which is incorporated by reference in Federal Rule of Bankruptcy Procedure 7012, permits a party to move for judgment after the parties have filed the complaint and answer. *Moss v. Martin*, 473 F.3d 694, 698 (7th Cir. 2007) (*citing Brunt v. Serv. Emps. Int'l Union*, 284 F.3d 715, 718 (7th Cir. 2002)).  Rule 12 provides in relevant part as follows:

> (c) Motion for Judgment on the Pleadings.  After the pleadings are closed–but early enough not to delay trial–a party may move for judgment on the pleadings.
> (d) Result of Presenting Matters Outside the Pleadings. If, on a motion under . . . 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.  All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

FED. R. CIV. P. 12(c) & (d).

"The pleadings include the complaint, the answer, and any written instruments attached as exhibits." *N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 452 (7th Cir. 1998).  The Seventh Circuit has interpreted "the term 'written instrument' as

-6-

used in Rule 10(c) to include documents such as affidavits and letters, as well as contracts and loan documentation." *Id.* at 453 (footnote and citations omitted). When deciding a motion for judgment on the pleadings, a court may consider only the contents of the pleadings. *Alexander v. City of Chi.*, 994 F.2d 333, 335 (7th Cir. 1993); *Union Carbide Corp. v. Viskase Corp. (In re Envirodyne Indus., Inc.)*, 183 B.R. 812, 817 (Bankr. N.D. Ill. 1995). However, courts may consider documents incorporated by reference in the pleadings. *United States v. Wood*, 925 F.2d 1580, 1582 (7th Cir. 1991). Courts may also take judicial notice of matters of public record, including dockets and opinions. *Id.*; *In re Salem*, 465 F.3d 767, 771 (7th Cir. 2006). The Court takes judicial notice of the Plan and the Disclosure Statement attached to Luxor's motion.

A motion for judgment on the pleadings is determined by the same standard applied to a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Wood*, 925 F.2d at 1581 (*citing Thomason v. Nachtrieb*, 888 F.2d 1202, 1204 (7th Cir. 1989)). "Thus, it would appear that Rule 12(c) motions are subjected to the retooled pleading standards announced by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, [550 U.S. 544], 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)." *Raymond Prof'l Group, Inc. v. William A. Pope Co. (In re Raymond Prof'l Group, Inc.)*, 386 B.R. 678, 681 (Bankr. N.D. Ill. 2008). As Judge Schmetterer noted, the Seventh Circuit has not addressed the effect of the *Twombly* case on motions for judgment on the pleadings. *Id.* Under that standard, a complaint must provide notice of the claims and the grounds upon which they rest, and must contain sufficient allegations, based on more than speculation, to state a claim for relief that is plausible on its face. *St. John's United Church of Christ v. City of Chi.*, 502 F.3d 616, 625 (7th Cir. 2007)

-7-

(*citing Twombly*, 550 U.S. at 570). Nevertheless, the Court need not reach that issue here because Luxor has not raised it.

"'Only when it appears beyond a doubt that the plaintiff cannot prove any facts to support a claim for relief and the moving party demonstrates that there are no material issues of fact to be resolved will a court grant a Rule 12(c) motion.'" *Bannon v. Univ. of Chi.*, 503 F.3d 623, 628 (7th Cir. 2007) (*quoting Moss*, 473 F.3d at 698). A moving party must unequivocally establish that no material issues of fact exist and that judgment on the pleadings is warranted by law. *Nat'l Fid. Life Ins. Co. v. Karaganis*, 811 F.2d 357, 358 (7th Cir. 1987).

For the purposes of Rule 12(c) motions, all well-pleaded allegations contained in the non-moving party's pleadings are to be taken as true. *Gillman v. Burlington N. R.R. Co.*, 878 F.2d 1020, 1022 (7th Cir. 1989) (*citing Republic Steel Corp. v. Pa. Eng'g Corp.*, 785 F.2d 174, 177 n.2 (7th Cir. 1986)). In ruling on a motion for judgment on the pleadings, courts must view the facts in pleadings and all inferences drawn therefrom in the light most favorable to the non-movant. *Flenner v. Sheahan*, 107 F.3d 459, 461 (7th Cir. 1997); *Nat'l Fid. Life Ins.*, 811 F.2d at 358 (*citing Republic Steel*, 785 F.2d at 177 n.2).

**B.     Res Judicata**

Res judicata bars the relitigation of a claim if it was or could have been asserted in an earlier proceeding. *D & K Props. Crystal Lake v. Mut. Life Ins. Co. of N.Y.*, 112 F.3d 257, 259 (7th Cir. 1997) (*citing Levinson v. United States*, 969 F.2d 260, 262 (7th Cir. 1992)). Under the principle of res judicata, a claim is precluded if three elements are present: "(1) a final judgment on the merits in an earlier action, (2) an identity of the cause of action in

-8-

both the earlier and later suit, and (3) an identity of parties or privies in the two suits." *Tartt v. Nw. Cmty. Hosp.*, 453 F.3d 817, 822 (7th Cir. 2006) (internal quotation omitted). Thus, a final judgment binds only the parties and those in privity with them. *CLC Creditors' Grantor Trust v. Sonnenschein Nath & Rosenthal LLP (In re Commercial Loan Corp.)*, 363 B.R. 559, 569 (Bankr. N.D. Ill. 2007).

Confirmation of a plan of reorganization is binding on all parties, and issues that could have been raised pre-confirmation are barred by res judicata. *D & K Props.*, 112 F.3d at 259. An exception to this general rule applies, however, where causes of action are effectively reserved pursuant to the terms of the plan. The Seventh Circuit has spoken to what constitutes an effective reservation of claims in two cases. First, in *D & K Properties*, the Seventh Circuit held that in order to avoid the res judicata effect of a Chapter 11 plan confirmation order, a plan's reservation of a cause of action must be express–in writing and specifically identified. *Id.* at 261. The plan at issue in *D & K Properties* purported to reserve on behalf of the estate "all causes of action existing in favor of the [d]ebtor and the [d]ebtor in [p]ossession." *Id.* at 259. The court explained that because D & K failed to identify any claim it was reserving, its cause of action was barred. *Id.* at 261. In so holding, the Seventh Circuit explained that "[a] blanket reservation that seeks to reserve all causes of action reserves nothing. To hold otherwise would eviscerate the finality of a bankruptcy plan containing such a reservation, a result at odds with the very purpose of a confirmed bankruptcy plan." *Id.*

-9-

The very next year, the Seventh Circuit issued *P.A. Bergner & Co. v. Bank One, Milwaukee, N.A. (In re P.A. Bergner & Co.)*, 140 F.3d 1111 (7th Cir. 1998), which took a different approach.[5] There the Seventh Circuit held that a claim need not be "specific and unequivocal" as the "statute itself contains no such requirement." *Id.* at 1117. *Bergner* can be read as supplementing *D & K Properties. See Kmart Corp. v. Intercraft Co. (In re Kmart Corp.)*, 310 B.R. 107, 124 n.8 (Bankr. N.D. Ill. 2004) (stating that the cases should be read together). That court explained as follows:

> While there might be some logic in requiring "specific and unequivocal" language to preserve claims belonging to the estate that have never been raised, the statute itself contains no such requirement. The courts that have spoken of the need for "specific" and "unequivocal" language have focused on the requirement that plans unequivocally retain claims of a given type, not on any rule that individual claims must be listed specifically.

*Bergner*, 140 F.3d at 1117.

"*Bergner* stands for the proposition that plan provisions identifying causes of action by type or category are not mere blanket reservations. Therefore, categorical reservation can effectively avoid the *res judicata* bar." *Kmart*, 310 B.R. at 124. Claims need not be catalogued by name. *Id.*

---

[5] Judge Goldgar provides a detailed analysis of the many approaches of courts on the issue of what constitutes an effective reservation of claims in a Chapter 11 plan in *Commercial Loan*, 363 B.R. at 567-569.

-10-

## IV. DISCUSSION

Luxor argues that the Plan and Disclosure Statement contain only a blanket reservation of claims and that Exhibit C attached to the Disclosure Statement represented a comprehensive list of all possible "Litigation Claims" that the Plan Administrator was authorized to bring. The Plan Administrator responds that the Plan adequately reserved the causes of action asserted in this adversary proceeding and, in any event, Luxor does not have standing to challenge the Plan's reservation of claims because Luxor was not a creditor in the Debtor's bankruptcy. The Court will first address the identity of the parties and then will address the reservation of claims.

### A.      Identity of the Parties

The Plan Administrator contends that Luxor does not have standing[6] to challenge the adequacy of the Plan's reservation of claims because Luxor was not a creditor of the Debtor and is a stranger to the bankruptcy. The Plan Administrator cites to the *Commercial Loan* case for support.

In *Commercial Loan*, the confirmed plan appointed a creditors' trust which had the authority to pursue certain causes of action post-petition. *Commercial Loan*, 363 B.R. at 563. The creditors' trust asserted a cause of action against the defendant for aiding and abetting breaches of fiduciary duty, turnover, and a fraudulent transfer. *Id.* at 561. The defendant argued that the creditors' trust was barred by res judicata because the confirmed

---

[6] Although the Plan Administrator asserts that the issue is "standing" the challenge is actually to the third element, identity of the parties or those in privity with them.

-11-

plan did not specifically preserve a claim against it. *Id.* at 564. The defendant had prepared the bankruptcy petition for the debtor, but was not otherwise retained in connection with the bankruptcy. *Id.* at 563. The defendant was not a creditor of the debtor in the bankruptcy case and did not file a proof of claim. *Id.* at 569. The court held that the defendant could not assert res judicata because it was not a party to the bankruptcy and was not in privity with any party to the bankruptcy. *Id.* at 569-70. The court went on to explain that the defendant had no better position under 11 U.S.C. § 1123(b)(3) as a notice argument because the underlying rationale for that section "is that a *creditor* in the bankruptcy is entitled to know about claims that will be pursued post-confirmation under the proposed plan, either because those claims might enlarge the estate or because the claims might be aimed at the creditor himself." *Id.* at 570 (internal quotations and citations omitted). The court explained that the rationale disappears when the defendant in a post-confirmation action is not a creditor. *Id.*

Luxor argues that because it was a known avoidance litigation target and a contingent creditor under 11 U.S.C. §§ 101(10) and 502(h),[7] it was therefore entitled to notice and participation in the underlying bankruptcy. Luxor does not go so far as to assert that it was a party in the underlying bankruptcy case, but cites *Slone v. M2M Int'l, Inc. (In re G-P Plastics, Inc.)*, 320 B.R. 861 (E.D. Mich. 2005) for support. That case found that the defendant in an avoidance action qualified as a party to the bankruptcy case for the purposes of res judicata because it was a creditor under §§ 101(10)(B) and 502(h) because it had a contingent claim arising from potential recovery of property under § 550. *Id.* at 865-66.

---

[7] Section 502(h) provides for the allowance of a claim arising from the recovery of property under §§ 522, 550, or 553. 11 U.S.C. § 502(h).

-12-

In that case, the court did not discuss any potential lack of notice to the defendant or whether that creditor was listed or participated as a creditor in the previous bankruptcy case. The court held, without further discussion, that because the defendant fit the definition of a creditor, it was a party in the prior bankruptcy case. *Id.* Here, Luxor was not listed on the Debtor's schedules[8] or statement of financial affairs[9] and it did not file a proof of claim in the Debtor's bankruptcy case. Luxor was not in privity with any party that was a creditor of the Debtor. Furthermore, Luxor was not involved in confirmation of the Plan and was, as the Plan Administrator asserts, essentially a stranger to the bankruptcy.

Luxor cites no case which stands for the proposition that a contingent creditor who was not listed on the debtor's bankruptcy schedules, whose claim was not provided for in a plan of reorganization, and who did not participate in the prior bankruptcy can be considered a party to that bankruptcy. In fact, Luxor deftly avoids declaring itself a party to the bankruptcy case. The Court does not doubt that Luxor is a contingent creditor of the estate. *See In re FBN Food Servs., Inc.*, 82 F.3d 1387, 1392 (7th Cir. 1996) (stating that a defendant in a fraudulent conveyance action is a contingent creditor). However, Luxor's qualification as a contingent creditor alone does not make Luxor a party to the bankruptcy. The Plan Administrator is correct that Luxor was not a party to the Debtor's bankruptcy case, nor did it participate in confirmation of the Plan. The Court finds that Luxor cannot assert res judicata to challenge the reservation of claims in the Plan and Disclosure Statement because

---

[8] The Debtor's initial schedules are Docket Number 166 in the Debtor's bankruptcy, 09 B 39937 and amended schedules B and F are Docket Numbers 185 and 237, respectively.

[9] This document is Docket Number 167 in the Debtor's bankruptcy case, 09 B 39937.

-13-

it was not a party to the bankruptcy case.  Luxor's motion for judgment on the pleadings is

denied.

The Court notes that Luxor argues that it was prejudiced by being denied the

opportunity to participate in the underlying bankruptcy case due to lack of notice and, should

the Plan Administrator succeed on its claims, Luxor would effectively be bound as a creditor

under the Plan.  This assertion is incorrect.  If Luxor truly did not receive notice of the

Debtor's bankruptcy, the result of course is that Luxor's contingent claim would not be

discharged and Luxor would not be bound by the Plan.  *See OakFabco, Inc. v. Am. Standard,*

*Inc. (In re Kewanee Boiler Corp.)*, 297 B.R. 720, 730 (Bankr. N.D. Ill  2003).

### B.      Reservation of Claims

Luxor urges this Court to reject *Kmart* and apply *Bergner* only as to the unique facts

presented therein, namely where the matter was pending at confirmation.  The Court rejects

Luxor's argument.   *Bergner* explained that courts that had required "specific" and

"unequivocal" language only focused on claims of a given type, and not that individual

claims must be specifically listed.  *Bergner*, 140 F.3d at 1117.  The Seventh Circuit's

direction is clear–a plan need not specifically and unequivocally list individual claims, even

if those claims had not yet been raised.  Luxor further attempts to distinguish this Court's

decision in  *In re Draiman*, — B.R. — , 09 B 17582, 2011 WL 1486128, at *11-12 (Bankr.

N.D. Ill. Apr. 19, 2011), arguing that the holding was based not only on the categorical

reservation of claims, but on the inclusion of a list which named persons or entities who may

have received transfers.  *See id* at *11 ("The reservation in the [p]lan is both express and

-14-

unequivocal because it lists specific Code sections under which the [l]iquidation [t]rustee can pursue claims or causes of action and it names the persons or entities who may have received such transfers."). Although the decision addressed both bases, that decision did not hold that both were required, merely that both were present in that case.

Luxor further contends that the Disclosure Statement provided a comprehensive list of Litigation Claims in its Exhibit C and, because Luxor was not listed, no such claim was preserved. The Disclosure Statement seemingly limits the preservation of claims only to those listed on the Debtor's schedules, those listed on Exhibit C of the Disclosure Statement, and any others listed in Section II.B of the Disclosure Statement. *See* Luxor Ex. A § VIII.A (stating that the Plan Administrator may pursue any causes of action "including without limitation, any and all Avoidance Actions . . . against those entities listed in the Debtor's schedules receiving payments 90 days prior to bankruptcy, all parties listed on Exhibit C and any other potential Litigation Claims listed in Section II.B above.") There is no dispute that Luxor is not listed on the Debtor's schedules, Exhibit C, or otherwise referred to in Section II.B of the Disclosure Statement. However, while there may be some conflicting language between the Plan and the Disclosure Statement, it is the language of the Plan that must prevail where there is an inconsistency. (*Id.* at pp. 1-2) ("In the event of any conflict between this Disclosure Statement and the Plan . . . the terms of the Plan . . . are controlling.").

The Plan Administrator responds that the Plan adequately reserved causes of action under §§ 544, 548, 550, and 740 ILL. COMP. STAT. 160/5(a)(2), each of which was reserved through the inclusion of "Litigation Claims" in the Plan's reservation clause. The section in the Plan purporting to preserve claims included no types of causes of action it sought to

-15-

preserve, but did include the defined term "Litigation Claims." "Litigation Claims" was

defined as "the Claims, rights of action, suits or proceedings . . . that the Debtor or Estate

may hold against any person or entity under the Bankruptcy Code or any non-bankruptcy law,

including, but not limited to, Avoidance Actions, Claims, rights of action, suits or

proceedings . . . ." (Luxor Ex. C § 1.43.) This definition is broad and appears to reserve only

"Avoidance Actions," a defined term in the Plan.

The Plan Administrator is correct that the Plan specifically identified §§ 548 and 550

under the definition of "Avoidance Action," but did not specifically identify § 544 or 740

ILL. COMP. STAT. 160/5(a)(2). However, the definition of "Avoidance Action" did include

"any cause of action against persons or entities . . . under related state or federal statutes and

common law, including fraudulent transfer laws . . . ." (Luxor Ex. C § 1.9.) 740 ILL. COMP.

STAT. 160/5(a)(2) is such a fraudulent transfer statute which governs certain transfers made

without receiving reasonably equivalent value. By including state fraudulent transfer laws

in the definition of "Avoidance Action," the Plan Administrator's action under 740 ILL.

COMP. STAT. 160/5(a)(2) was preserved.

Section 544 was not explicitly included in the definition of an "Avoidance Action"

and does not deal with fraudulent transfers. Nothing in the definition of "Avoidance Action"

evinces an intent to preserve an action under § 544. Similarly, the Disclosure Statement

contains no language which evinces such an intent. That document adds nothing to the

definition of "Litigation Claims" or "Avoidance Action," but includes Exhibit C as a list of

potential "Litigation Claims." Luxor was not listed on Exhibit C. Therefore, there is nothing

to indicate that the Plan or Disclosure Statement reserved a § 544 claim against Luxor.

-16-

The Plan Administrator argues that the language in the Plan stating that no preclusion doctrine, including res judicata, collateral estoppel, issue preclusion, claim preclusion or estoppel bars Luxor from bringing this motion. As discussed above, res judicata binds only the parties to a plan. Luxor was neither a party to the Debtor's bankruptcy case nor did it participate in the confirmation of the Plan. Therefore, this argument fails.

The Court finds that the Plan reserved against Luxor only actions under §§ 548, 550, and 740 ILL. COMP. STAT. 160/5(a)(2). The Plan did not adequately reserve a cause of action under § 544 against Luxor.

## V.  CONCLUSION

For the foregoing reasons, the Court denies Luxor's motion for judgment on the pleadings. This matter is set for trial on September 20, and 22, 2011 at 1:00 p.m. The Court's Final Pretrial Order remains in full force and effect.

This Opinion constitutes the Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. A separate order shall be entered pursuant to Federal Rules of Bankruptcy Procedure 5033 and 9021.

ENTERED:

DATE: _____6/16/11_____

_____
John H. Squires
United States Bankruptcy Judge

cc:    See attached Service List

## SERVICE LIST

### William A. Brandt, Jr. Plan Administrator v. Luxor Hotel & Casino
### Adversary No. 10 A 02164

Jason M. Kuzniar, Esq.
Wilson, Elser, Moskowitz, Edelman &
  Dicker LLP
55 W. Monroe Street, Suite 3800
Chicago, IL 60603

Mark J. Ledwin, Esq.
Wilson, Elser, Moskowitz, Edelman &
  Dicker LLP
3 Gannett Drive
West Plains, NY 10604


George P. Apostolides, Esq.
Arnstein & Lehr LLP
120 S. Riverside Plaza, Suite 1200
Chicago, IL 60606

Patrick S. Layng, United States Trustee
219 S. Dearborn Street
Suite 873
Chicago, IL 60604